UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
MICHELE CELESTIN,                          :
                                           :
                        Plaintiff,         :
                                           :    OPINION & ORDER
             - against -                   :
                                           :    07 Civ. 5674 (DAB) (RLE)
FOUNTAIN HOUSE, INC.,                      :
                                           :
                        Defendant.         :
------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

*Pro se* plaintiff, Michele Celestin ("Celestin"), commenced this action on June 14, 2007, alleging violation of Title VII of the Civil Rights Act of 1964 during her employment at Fountain House, Inc. ("Fountain House"). Celestin's request to proceed *in forma pauperis* was granted on July 13, 2007. Pending before the Court is an application for appointment of counsel. For the reasons set forth below, Celestin's application is **DENIED.**

## II.  FACTS

Celestin alleges that Fountain House discriminated against her because of her religion by "failing to accommodate [her] right to exercise [her] religious belief." (Pl.'s Compl. at 3.) She was employed by Fountain House in 2006 as an overnight residential counselor. This schedule enabled her to attend church services and serve in a prison ministry. She contends that, having accepted her position on condition that she retain her overnight shift assignment "for schooling purposes" (*id.*), Fountain House was unwilling to be reasonable about accommodating her schedule, and thereby constructively terminated her.

### III.  DISCUSSION

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel.  However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel."  In determining whether to appoint counsel for an indigent civil litigant, the Court considers numerous factors, and "exercises substantial discretion, subject to the requirement that it be guided by sound legal principles." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (citations omitted).  The Court's first inquiry is whether plaintiff can afford to obtain counsel. *See Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994).  If the Court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and "determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers,* 802 F.2d 58, 61 (2d Cir. 1986).  Once an initial determination has been made as to indigence and merit, the Court has discretion to consider the following factors: 1) the indigent's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; 3) the indigent's ability to present the case; 4) the complexity of the legal issues; and 5) any special reason why appointment of counsel would be more likely to lead to a just determination.  *Id.* at 61-62.

Celestin satisfies the threshold requirement of indigence insofar as her *in forma pauperis* status establishes her inability to afford counsel.  She fails, however, to satisfy the second threshold requirement.  The record does not establish whether her claim is sufficiently meritorious under Title VII to grant her application because her complaint is too vague.  To make out a *prima facie* case of religious discrimination under Title VII, Celestin must show, among

other things, that she informed her employer of a bona fide religious belief conflicting with an employment requirement. *Knight v. Conn. Dept. of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001) (*citing Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985)). Her complaint does nothing to suggest that Fountain House was on notice of her putative religious practices. She seems instead only to have put Fountain House on notice that her commitment to school made it difficult for her to modify her schedule. Therefore, Celestin has failed to show that counsel is warranted in this action.

### III. CONCLUSION

For the foregoing reasons, Celestin's application for appointment of counsel is **DENIED** without prejudice.

**SO ORDERED this 4th day of January 2008**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3